THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLARD THOMAS and DIANE THOMAS,<br><br>    Plaintiffs,<br><br>    v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>    Defendant. | CASE NO. C22-1730-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to dismiss Plaintiffs' complaint. (Dkt. No. 15.) Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons described below.

I.  BACKGROUND

Plaintiff Willard Thomas is insured by Defendant. (Dkt. No. 1 at 3.) On October 9, 2018, Plaintiff was a victim of a hit-and-run accident causing him serious bodily injuries. (*Id*. at 2–3.) The tortfeasor carried insufficient liability insurance limits, so Plaintiff issued a request to Defendant to compensate him under his Personal Liability Umbrella Policy ("PLUP"), which Plaintiff alleges contains protection from uninsured motorists ("UIM"). (*Id*. at 3.) Defendant denied this request, on the grounds that Plaintiff's personal policy does not contain protection

from UIM.[1] (*Id.* at 4.)

Based on these facts, Plaintiffs Willard and Diane Thomas bring five causes of action, including an award of damages claim, a violation of the Insurance Fair Conduct Act ("IFCA"), a breach of the Consumer Protection Act ("CPA"), a breach of contract claim, and a negligence claim. (*Id.* at 5–7.) Defendant moves to dismiss on the grounds that Plaintiff fail to state any claims upon which relief may be granted. (*See generally* Dkt. No. 15.)

## II.   DISCUSSION

### A.   Legal Standard

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is facially plausible when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Although the Court must accept as true a complaint's well-pleaded facts, "conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The court must accept all facts alleged in the complaint as true and make all inferences in the light most favorable to the non-moving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144–45 (9th Cir. 2013).

### B.   Contract Claim

Defendant moves to dismiss Plaintiffs' claims that arise under the contract. (Dkt. No. 15 at 5.) The Defendant proffers two arguments. First, that Plaintiffs' PLUP does not include UIM

---

[1] The parties do not dispute that Plaintiff's auto policy contains protection from UIM.

coverage. (Id. at 5–6). Second, that Defendant was under no legal obligation to provide UIM for its personal liability insurance policies, and, therefore, the efficacy of any alleged UIM waiver is immaterial. (*Id*. at 8.)

Plaintiffs pled sufficient facts to support a claim that the PULP contained UIM benefits.[2] (Dkt. No. 1-1 at 3–4.) Defendant's contentions to the contrary are unavailing, because it is black letter law that, at this stage, the Court must draw reasonable inferences *in Plaintiff's favor*. *See Vasquez*, 487 F.3d at 1249. By urging the Court to interpret the policy in their favor, Defendant would ask the Court to do the opposite, which it cannot do on a Rule 12(b)(6) motion. *See Mack v. Amazon.com, Inc.*, 2023 WL 2538706, slip op. at 4 (W.D. Wash. 2023). Moreover, Defendant concedes that, "[i]nsurance policy interpretation presents a question of law appropriately decided on summary judgement." (Dkt. No. 15 at 5) (citing *Allstate Ins. Co. v. Peasley*, 131 Wash. 2d 420, 932 P.2d 1244, 1246 (1997).

Accordingly, Defendant's motion to dismiss Plaintiffs' breach of contract and damages claims is DENIED.

C. **Consumer Protection Act Claim**

Defendant moves to dismiss Plaintiffs' Consumer Protection Act ("CPA") claims, on the grounds that Plaintiffs have "only generally alleged violations of the Washington Administrative Code ["WAC"]," and "Plaintiffs have not identified which WACs, if any, State Farm Allegedly violated, or why." (Dkt. No. 15 at 9.) But a complaint need not contain "'detailed factual allegations'" for each and every alleged misdeed. *See Iqbal*, 556 U.S. at 678 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). It need only provide sufficient allegations to "state the requisite legal elements" of each claim and no more. *Corbis Corp. v. Integrity Wealth Mgmt., Inc.*, 2009 WL 3835976, slip op. at 2 (W.D. Wash. 2009). Here, the complaint meets this

---

[2] The Court agrees with Defendant that the enforceability of the UIM waiver is not dispositive here.

standard, and sufficiently pleads facts to support a violation of the CPA. (Dkt. No. 17 at 9–10, 12.) Accordingly, Defendant's motion to dismiss Plaintiffs' CPA claim is DENIED.

### D. Unopposed Claims

Defendant moves to dismiss Plaintiffs' negligence claim, and the claim raised under Washington's Insurance Fair Conduct Act ("IFCA"), largely on the grounds that these claims are barred by the applicable statute of limitations. Plaintiffs do not oppose these portions of the motion to dismiss. (*See generally* Dkt. No. 17.)

Under Local Civil Rule 7(b)(2), "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that motion has merit." This applies to the failure to respond to individual claims in a motion to dismiss. *See Leonard v. Recontrust Company, N.A.*, 2016 WL 304802, slip op. at 8 (W.D. Wash. 2016) (arguments not addressed in opposition to motion to dismiss are waived); *Edwards v. Caliber Home Loans*, 2016 WL 9185356, slip op. at 2 (W.D. Wash. 2016) (finding that plaintiffs' failure to respond to portions of defendants' argument can be construed as conceding that the argument has merit); *Piacentini v. U.S.*, 1997 WL 176375, slip op. at 2 (W.D. Wash. 1997) (same); *see also Accord Newdow v. Congress of U.S. of Am.*, 435 F. Supp. 2d 1065, 1070 n. 5 (E.D. Cal. 2006, aff'd sub nom., *Newdow v. Lefevre*, 598 F.3d 638 (9th Cir. 2010) (interpreting plaintiff's silence as non-opposition to defendant's motion to dismiss and granting the motion as to the unopposed claims).)

Accordingly, Plaintiffs' negligence and IFCA claims are DISMISSED without prejudice.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 15) is GRANTED in part and DENIED in part. The negligence claim and the claim raised under Washington's Insurance Fair Conduct Act are DISMISSED without prejudice. The remaining claims survive.

//

//

DATED this 23rd day of March 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE